| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1(b)**<br>2013-4323<br><br>POWERS KIRN, LLC<br>ecf@powerskirn.com<br>William M. E. Powers III<br>728 Marne Highway, Suite 200<br>Moorestown, NJ 08057<br>856-802-1000<br>Attorney for PennyMac Holdings, LLC | |
| In Re:<br><br>Mary D. Cathrall-Schellhorn | Case No.: 17-24936-JNP<br><br>Hearing Date: 09/20/2017 at 09:00 am<br><br>Judge: Honorable Jerrold N. Poslusny, Jr.<br><br>Chapter: 13 |

## OBJECTION TO CONFIRMATION

Mary D. Cathrall-Schellhorn  
21 Meadow Lark Road  
Stratford NJ 08084  

Isabel C. Balboa, Trustee  
535 Route 38, Suite 580  
Cherry Hill NJ 08002  

Brad J. Sadek, Esquire  
1315 Walnut Street  
Suite 502  
Philadelphia PA 19107  

PLEASE TAKE NOTICE that PennyMac Holdings, LLC ("PennyMac"), through its attorney hereby objects to confirmation of the plan on grounds including:

1. The plan materially under estimates the pre-petition arrears claim of PennyMac, which is due arrears in the approximate amount of $83,000.00, secured by a first mortgage on the debtor's residence. A proof of claim will be filed prior to the deadline for filing claims.

2. Debtor's plan is infeasible inasmuch as debtor's own schedules are premised upon unrealistic and overly optimistic budgeting. The budgeting set forth on schedule "J" shows surplus income over expenses of $1,002.26. The debtor is proposing to dedicate $1,000.00 per month for 60 months to fund the plan, which sum is inadequate to fully satisfy the objecting creditor's claim. Furthermore, the budgeting is premised upon the reduced mortgage payment as opposed to the correct monthly mortgage payment in the amount of $1,595.27. If the actual mortgage payment is taken into account, monthly net income would be $972.99 which sum is inadequate to fund a Chapter 13 Plan. Additionally, debtor's schedules indicate the debtor is not employed, and therefore, it is unclear whether income can be increased in order to fund a feasible plan. Accordingly, the plan cannot satisfy the feasibility requirement of 11 U.S.C. §1325(a)(6), and therefore, confirmation is properly denied. The debtor lacks adequate regular income to fund a plan, and therefore, the plan fails to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1) and 11 U.S.C. §1325(a)(6).

3. The debtor's schedules indicate that the proposed plan payment is less than a $2,000.00 contribution from the debtor's boyfriend listed on Schedule "I". The plan is proposed to be entirely funded through non-debtor income suggesting that the debtor will not qualify as a debtor with sufficient regular income as required pursuant to 11 U.S.C. §109(e). See *In re Smith, 234 B.R. 852 (Bankr. M.D. Ga. 1999)* (Public assistance does not constitute "regular income" under §109(e)). See also *In re Porter, 276 B.R. 32, 38 (Bankr. D. Mass. 2002)* (Family member's gratuitous payment to a debtor did not constitute "regular income" for Chapter 13 purposes); *In re Loomis, 487 B.R. 296, 301-302 (Bankr. N.D. Okla. 2013)* (voluntary contributions from debtor's fiancee does not constitute "regular income"). Accordingly, the case is not filed in good faith inasmuch as the requirement of 11 U.S.C. §109(e) is not satisfied, and the plan is not confirmable as failing to satisfy the confirmation requirements of 11 U.S.C. §1325(a)(1), 11 U.S.C. §1325(a)(3) and 11 U.S.C. §1325(a)(7).

TAKE FURTHER NOTICE that the objecting creditor's attorneys shall be appearing at the confirmation hearing(s) and requesting a counsel fee to prosecute its objections.

POWERS KIRN, LLC

/s/ William M. E. Powers III
BY: William M. E. Powers III

DATED: August 17, 2017